UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                       Plaintiff,<br><br>     vs.<br><br>TODD ROBERT LUTZ,<br><br>                  Defendant.<br>_____ | No. CR-14-036-JLQ-1<br><br>ORDER DENYING MOTION<br>FOR REDUCTION OF<br>SENTENCE |

BEFORE THE COURT is Defendant's *pro se* Motion for Reduction of Term of Imprisonment Pursuant to 18 U.S.C. § 3582 and USSG Amendment 782 (ECF No. 187). The Government has filed a Response (ECF No. 188) and Defendant has filed a Reply (ECF No. 190). The Motion was submitted without oral argument.

Defendant and the Government entered into a Rule 11(c)(1)(C) Plea Agreement to an agreed sentencing range of 180 to 240 months. The Plea Agreement included a provision that the Government would not file or would withdraw any Information alleging a prior felony drug conviction which, if established, would have required a prison sentence of not less than 20 years. Defendant pled guilty to Counts I and III of the Superseding Indictment which charged the Defendant with Conspiracy to Possess with Intent to Distribute 50 grams or more of methamphetamine and distribution of 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841. The court accepted the Plea Agreement and sentenced Defendant to a term of 180 months on each count and Judgment was entered on October 9, 2014.

At sentencing, the court discussed with counsel the impending November 1, 2014 effective date of Amendment 782. The Government recommended the two-level

ORDER - 1

reduction be applied "now as opposed to having Mr. Lutz, potentially, come back after November the 1st seeking a further reduction". (ECF No. 177, Tr. p. 13). The Government also made this request in its Sentencing Memorandum. The court utilized an Offense Level of 36, rather than the calculated 38 in the Presentence Report, and granted a three level reduction for acceptance of responsibility. The court calculated an adjusted offense level of 33, criminal history I, and a guideline range of 135 to 168 months.

If applicable, Amendment 782 reduces by two levels the base offense levels for most quantities on the Drug Quantity Table at USSG § 2D1.1 and on the quantity tables for chemicals at § 2D1.11. Those quantity tables list the base offense levels for defendants convicted of crimes dealing with the unlawful manufacture, import, export, or trafficking in narcotics, or attempts or conspiracies to commit those crimes. The court is not obligated to reduce a previously imposed sentence, even if the two level reduction, if applicable, would reduce the minimum Guideline Range below the sentence actually imposed. <u>See</u> 18 U.S.C. § 3582(c)("...the court may reduce the term of imprisonment, after considering the factors set forth in 3553(a) to the extent that they are applicable...").

Here, Mr. Lutz already received the benefit of the two-level reduction. He has not been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered." § 3582(c)(2). Defendant's Reply brief mistakenly states the court calculated the Guideline Range to be 168 to 210 months, and asks the court to calculate it as 135 to 168, with the 2-level reduction. The court calculated the range at sentencing as 135 to 168. (ECF No. 177, Transcript at p. 15); Statement of Reasons (ECF No. 164).

Defendant is correct that the fact he entered into an 11(c)(1)(C) Plea Agreement does not preclude relief. <u>See</u> *United States v. Davis*, 825 F.3d 1014, 1026 (9th Cir. 2016)("defendants sentenced under Rule 11(c)(1)(C) agreements are not categorically barred from seeking a sentence reduction under § 3582(c)(2)"). However, Defendant is

1   not entitled to relief for the simple reason his sentencing Guideline Range has not been

2   subsequently lowered.  The court applied the Amendment 782 two-level reduction at the

3   time of sentencing.

4   **IT IS HEREBY ORDERED**:

5   The Motion for Reduction of Sentence (ECF No. 187) is **DENIED**.

6   **IT IS SO ORDERED**.  The Clerk shall enter this Order and furnish copies   to

7   counsel and to Mr. Lutz.

8   Dated April 25, 2017.

9                                        s/ Justin L. Quackenbush
                                    JUSTIN L. QUACKENBUSH
10                                 SENIOR UNITED STATES DISTRICT JUDGE