UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>TODD ROBERT LUTZ,<br><br>　　　　　　Defendant. | NO. 2:14-CR-0036-TOR-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE |

BEFORE THE COURT is Defendant's Motion to Reduce Sentence. ECF No. 210. The Government filed its response in opposition. ECF No. 216. Defendant filed no reply. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and the completed briefing, and is fully informed. For the reasons discussed below, Defendant's motion is denied.

## BACKGROUND

On July 3, 2014, Defendant appeared before the Court and entered a plea of guilty to Count 1 and Count 3 of the Superseding Indictment filed on May 21,

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 1

1  2014, charging him with Conspiracy to Possess with Intent to Distribute 50 grams

2  or More of Pure (Actual) Methamphetamine and Distribution of 50 grams or More

3  of Pure (Actual) Methamphetamine, all in violation of 21 U.S.C. §§ 841 and 846.

4  ECF Nos. 48, 107.

5       On October 6, 2014, the Court sentenced Defendant to a 15-year term of

6  imprisonment as to Counts 1 and 3, concurrent, followed by a 5-year term of

7  supervised release, and a $100.00 special penalty assessment. ECF No. 163.

8  According to the Bureau of Prisons' website, Defendant is currently scheduled for

9  release on August 22, 2027.

10       On April 14, 2020, Defendant submitted a request for sentence reduction to

11  the warden of the facility where he is incarcerated. ECF No. 210 at 15 (without a

12  copy attached). On July 30, 2020, the warden denied Defendant's request. ECF

13  No. 215-1.

14       Over a year after his administrative request, on July 16, 2021, Defendant

15  filed the instant Motion to Reduce Sentence. ECF No. 210. Defendant requests

16  the Court reduce his sentence to time served. *Id*. at 30. He explains that

17  extraordinary and compelling reasons support such reduction because of the

18  pandemic and his health conditions, including his chronic kidney disease,

19  hypertension, hyperlipidemia, and severe allergies. *Id*. at 3, 20-22. Defendant

20  claims the 18 U.S.C. § 3553(a) sentencing factors favor his release and that he has

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 2

a release plan, to reside in the Spokane Valley with his wife and family. *Id*. at 4, 27-29. Without much factual detail or argument, Defendant also contends that his sentence was grossly disparate and in dire need of a fix. *Id*. at 25, 29.

The Government opposes Defendant's release, explaining that there are no extraordinary and compelling reasons for immediate release, that rehabilitation is not alone a basis for compassionate release, the COVID-19 pandemic does not warrant release because it exists inside and outside prison, Defendant's medical needs are being met, Defendant voluntarily refuses to accept the COVID-19 vaccine despite medical advice to the contrary, and the 18 U.S.C. § 3553(a) factors do not support release. *See* ECF No. 216.

## DISCUSSION

### A. Eligibility for Compassionate Release

Federal courts have the statutory authority to modify an imposed term of imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1) or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2). Until recently, motions for compassionate release could only be brought to the Court by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). However, after the December 2018 passage of the First Step Act, defendants may now bring their own motions for compassionate release after exhausting administrative remedies within the Bureau of Prisons or by waiting 30 days after

receipt of their request by the warden of defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A) (2018).

A defendant may be eligible for compassionate release: (1) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the offense for which the defendant is currently imprisoned, and the defendant is determined not to pose a risk of danger to the community. 18 U.S.C. § 3582(c)(1)(A). Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The statute and the Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. 18 U.S.C. § 3582(c)(1)(A) (as to second prong only); U.S.S.G. § 1B1.13 (as to both the first and second prongs).

The Sentencing Commission's policy statement on sentence reduction mirrors the language of the compassionate release statute, but it has not yet been updated to reflect the procedural changes implemented by the First Step Act. U.S.S.G. § 1B1.13. "While that particular policy statement has not yet been

updated to reflect that defendants (and not just the [Bureau of Prisons ("BOP")]) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide *guidance* on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." *United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019) (gathering cases) (emphasis added).  The sentence reduction policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction: (1) the defendant suffers from a medical condition that is terminal or substantially diminishes the defendant's ability to provide self-care in a correctional environment; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in health due to the aging process, and has served at least 10 years or 75% of his or her term of imprisonment; (3) family circumstances involving the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner; or (4) other reasons, other than or in combination with the other listed circumstances, that are extraordinary and compelling.  U.S.S.G. § 1B1.13, cmt. n.1.

  Most recently, the Ninth Circuit has held "that the current version of U.S.S.G. §1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d

797 (9th Cir. 2021).  According to the Ninth Circuit, "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding."  *Id*.  Thus, "district courts are empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise."  *Id*. (agreeing with and quoting decisions of Second and Fourth Circuits).

### B. Exhaustion or Lapse of 30 days

Defendant has exhausted his administrative remedies.  He submitted a request for compassionate release to the Warden and it was denied.  The Government concedes that Defendant has exhausted his administrative remedies.  ECF No. 216 at 4.

### C. Extraordinary and Compelling Reasons

Defendant, now age 61, argues that extraordinary and compelling reasons justify a sentence of time served.  First, given the pandemic, he contends his medical condition is extraordinary and compelling.  The medical records filed under seal show that Defendant has chronic kidney disease, stage 2 (mild).  *See e.g.*, ECF No. 210-2 at 30 (dated 11/24/2020 "resolved").   The medical records show that he has a history of hypertension but no acute cardiopulmonary disease.  *Id*. at 42 (dated Jan. 2021).  The medical records show he has hyperlipidemia, unspecified, which is an elevation of his bad cholesterol.  Defendant only takes a

1  10 mg. tablet each evening to control his elevated cholesterol level. *Id*. at 6 (dated

2  April 2021). Defendant's medical record shows that he is only allergic to codeine

3  sulfate and bee stings for which he has been prescribed and carries an epi pen

4  (EPINEPHrine auto-injector). *See e.g.*, ECF No. 210-2 at 26. He also avoids

5  "codeine sulfate" (a type of pain medicine) because it upsets his stomach. *Id*. at

6  37. The records show that Defendant's medical needs are being met, Defendant

7  continues to be medically monitored and is being prescribed necessary medication.

8  ECF No. 210-2 through 210-6 (medical records filed under seal).

9        In December 2020, Defendant refused to receive a COVID-19 vaccine. ECF

10  No. 210-2 at 46. He contends that he is declining the vaccine "because of

11  epinephrine and allergies." *Id*. (dated Dec. 2020). The Court concludes that

12  Defendant is refusing the vaccine because of his claimed allergies, not because of

13  epinephrine which is the medication that counteracts a severe allergic reaction.

14  Defendant has repeatedly been encouraged by medical staff to take the vaccine.

15  ECF No. 216-2 at 2, 4. Defendant still refuses the vaccine.

16        Defendant has been counseled as to diet, exercise, hygiene, infection

17  prevention, and to take his medications. A review of all the medical records

18  submitted shows that Defendant's medical conditions are stable, and his chronic

19  conditions were being managed and monitored.

20        Defendant's non-acute medical conditions will exist inside or outside prison

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 7

and no extraordinary and compelling reason exists to release the Defendant. Whether Defendant is housed in prison or released, the coronavirus continues to spread throughout the world. Just because Defendant voluntarily refuses to take medicine to prevent COVID-19 infection does not mean he should be released from prison. His fear of infection in prison does not warrant immediate release into the community, where the virus continues to spread as well. In this case, there are no extraordinary and compelling reasons, alone or in combination, for a reduction in sentence.

**D. Factors under 18 U.S.C. § 3553(a)**

18 U.S.C. § 3582(c) and the Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. 18 U.S.C. § 3553(a) provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
> (1)  the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2)  the need for the sentence imposed—
>     (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B)  to afford adequate deterrence to criminal conduct;
>     (C)  to protect the public from further crimes of the defendant; and
>     (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3)  the kinds of sentences available;
> (4)  the kinds of sentence and the sentencing range established for—

      (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

          (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

          (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

      (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

  (5) any pertinent policy statement—

      (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

      (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

  (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

  (7) the need to provide restitution to any victims of the offense.

At the time of the original sentencing, the Court fully considered these factors. At sentencing, Defendant's total offense level was 33 and he had a criminal history category of I. This provided an advisory guideline range of 135 to 168 months of imprisonment. Considering all the sentencing factors, the Court expressly departed from the advisory range and imposed a 180-month term of imprisonment which

was sufficient but not greater than necessary to comply with the purposes and goals of sentencing, including the parties Federal Rule of Criminal Procedure Rule 11(c)(1)(C) plea agreement which stipulated to a minimum of 180-months and a maximum of 240-months. In light of the Rule 11(c)(1)(C) agreement, the United States withdrew its 21 U.S.C. § 851 enhancement which would have required a 240-month mandatory minimum sentence.

This Court has fully considered these factors in light of the information Defendant recently provided. Of particular note is the nature and circumstances of the offenses in this case. Defendant was involved in a conspiracy to distribute and distribution of methamphetamine from on or about June 1, 2013 and continuing to on or about January 1, 2014. Defendant was held responsible for the distribution of over 19 kilograms of methamphetamine. Defendant has a prior criminal history beginning at the age of 24, including prior distribution of a controlled substance and possession of methamphetamine, which all timed out and resulted in a criminal history category I. Defendant has used illegal controlled substances nearly his entire life, since the age of 17.

The Court is obligated to protect the public from defendant's serious, dangerous and devastating conduct. The sentence the Court imposed was "sufficient, but not greater than necessary," to comply with the purposes of § 3553(a), including to reflect the seriousness of the offense, to promote respect for

the law, to provide just punishment for the offense and to afford adequate deterrence to this criminal conduct. Even with recent developments, the sentence imposed remains sufficient but not greater than necessary to comply with the purposes of sentencing.

Defendant's good conduct and successful rehabilitative activities—educational classes, treatment, and work while in prison—are all commendable, but do not alone warrant early release. 28 U.S.C. § 994(t). Successful rehabilitative activities do not alone warrant early release.

Considering the totality of all the facts, compassionate release is unwarranted.

**E. Allegations of a Grossly Disparate Sentence**

Without much factual detail or argument, Defendant contends that his sentence is grossly disparate and in dire need of a fix. ECF No. 210 at 25. Defendant was potentially facing a life sentence if the Government did not agree to withdraw and not file the § 851 enhancements. The Defendant and the Government stipulated to a minimum of 180-months and a maximum of 240-months of imprisonment pursuant to Rule 11(c)(1)(C). Given Defendant's background, the Court accepted that agreement. There is nothing disparate about a sentence of 180-months, given the facts of the case and Defendant's background. The Court notes that Defendant can earn good time credits for good behavior and

was advised at the time of sentencing that if he successfully completed the RDAP Program, additional time-off can be earned.

## CONCLUSION

The Court declines to exercise its discretion to reduce Defendant's sentence because extraordinary and compelling reasons do not warrant such a reduction nor do the § 3553(a) factors.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion to Reduce Sentence, ECF No. 210, is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties.

DATED September 17, 2021.



THOMAS O. RICE
United States District Judge

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 12